IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NISSAN FIRE AND MARINE INSURANCE COMPANY LTD.; HITACHI DATA SYSTEMS CORP., | | No. C 02-2516 JSW |
| Plaintiffs, | | **NOTICE OF TENTATIVE RULING AND QUESTIONS** |
| v. | | |
| BAX GLOBAL INC.;CATHAY PACIFIC AIRWAYS, LTD., | | |
| Defendants. | | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON NOVEMBER 18, 2005:

The Court **tentatively DENIES** the motion for summary judgment filed by defendant BAX Global, Inc. ("BAX") and **tentatively DENIES** the cross-motion for summary judgment filed by plaintiffs Hitachi Data Systems, Corporation and Nissan Fire and Marine Insurance Co., Ltd. ("Plaintiffs") based on the existence of genuine issues of material fact. The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* Civil Local Rule 7-3(d). The

parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall have fifteen minutes to address the following questions:

(1) Does BAX contend the weight of the damaged product was 481 or 1,062 kilograms? What do Plaintiffs contend is the weight of the damaged product?

(2) Under the rule of judicial estoppel, parties are generally prevented from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). In the motion for partial summary judgment filed by Plaintiffs in July 2003, Plaintiffs argued that this action was governed by the parameters of the Warsaw Convention, as amended by the Hague Protocol. Plaintiffs now argue that the original Warsaw Convention applies. On what basis are Plaintiffs changing their position? Why should Plaintiffs not be judicially estopped from making this argument?

(3) Assuming *argendo* that the damage occurred outside the boundaries of an airport, do Plaintiffs dispute that federal common law applies and that pursuant to federal common law, damages are limited to $20 per kilogram? If so, on what basis?

(4) What is Plaintiffs' response to BAX's objections to the Second Declaration of Jeff Sowers?

(5) In *Motorola, Inc. v. Federal Express Corp.*, 308 F.3d 995, 1008 (9th Cir. 2002), the Ninth Circuit held that prejudgment interest is permissible "in an appropriate case" to assure that a plaintiff receives the full value of his limited damages. The court noted that prejudgment interest in that case was permissible because the carrier's damage liability was fixed and limited by the Convention's weight-based formula, and thus recovering prejudgment interest would not convert a damage award into "full compensation" for the plaintiff. *Id*. If the Court determines that the original Warsaw Convention applies to this matter, and that BAX is not entitled to the weight-based damage liability limitations, may the Court award prejudgment interest?

(6) Do the parties have anything further to add?

**IT IS SO ORDERED.**

Dated: November 16, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2