IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NISSAN FIRE AND MARINE INSURANCE
COMPANY LTD.; HITACHI DATA
SYSTEMS CORP.,

        Plaintiffs,

  v.

BAX GLOBAL INC.;CATHAY PACIFIC
AIRWAYS, LTD.,

        Defendants.

No. C 02-2516 JSW

**ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Now before the Court is the motion for summary judgment filed by plaintiffs Hitachi Data Systems, Corporation and Nissan Fire and Marine Insurance Co., Ltd. ("Plaintiffs") and the cross-motion for summary judgment file by defendant Bax Global Inc. ("BAX"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby DENIES both parties' motions.[1]

**BACKGROUND**

In April 2001, plaintiff Hitachi Data Systems, Corporation ("Hitachi") contracted with defendants BAX Global, Inc. ("BAX") and Cathay Pacific Airways, Ltd. ("Cathay Pacific") for international carriage via air of eighteen packages of computer equipment from Indianapolis, Indiana to Hong Kong, S.A.R., China. Hitachi alleges that the cargo was damaged in route. Plaintiff Nissan Fire and Marine Insurance Co., Ltd. ("Nissan") insured the cargo and, having

---

[1] The Court sustains BAX's objections to the Second Declaration of Jeff Sowers. The Court overrules Plaintiffs' objections to the declarations of Paul Pfeifer and Wayne McWhirter, and to Exhibit F. The Court need not rule on Plaintiffs' evidentiary objections to the Declaration of John Canfield because the Court did not need to consider such evidence in order to resolve the parties' cross-motions for summary judgment.

reimbursed Hitachi for some or all of its losses, is subrogated to Hitachi's interests in this matter. Plaintiffs have dismissed defendant Cathay Pacific Airways, Ltd from this lawsuit.

In 2003, Plaintiffs filed a motion for partial summary judgment to resolve the issue of whether attorneys' fees and costs are available under the applicable governing law. At that point, the parties agreed that this action fell within the parameters of the Warsaw Convention, as amended by The Hague Protocol. Accordingly, the issue presented to the Court was whether attorneys' fees and costs were available under the Warsaw Convention, as amended by The Hague Protocol. Although the Court initially granted Plaintiffs' motion, the Court subsequently granted BAX's motion for reconsideration based on the discovery of new facts. BAX submitted evidence in the form of e-mails authored by two employees of Bax Global, prepared near the time of the shipment and resulting damage, by persons looking into the status of the cargo, that BAX contends demonstrates that the cargo at issue was damaged prior to delivery to the airport in Chicago. The Court concluded that the emails created a question of fact regarding where the damage occurred and thus, granted BAX's motion for reconsideration.

The parties now both move for summary judgment on the issue of damages. BAX contends that pursuant to the applicable law, Plaintiffs' damages are limited to twenty dollars per kilogram. Plaintiffs argue that the BAX is not entitled to the weight-based damage limitations under the applicable law. Plaintiffs also move for prejudgment interest and for attorneys' fees.

**ANALYSIS**

**A.    Legal Standard on Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A party moving for summary judgment who does not have the ultimate burden of persuasion at trial, must produce evidence which either negates an essential element of the non-moving party's claims or show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). A party who moves for summary judgment who does bear the burden of proof at trial, must produce evidence that would entitle him or her to a directed verdict if the evidence went uncontroverted at trial. *C.A.R. Transp. Brokerage Co., Inc. v. Darden*, 213 F.3d 474, 480 (9th Cir. 2000).

Once the moving party meets his or her initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). It is not the Court's task to "scour the record in search of a genuine issue of triable fact." *Id.* (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 723, 735 (9th Cir. 1997).

**B.  Cross-Motions for Summary Judgment**

The Warsaw Convention is an international treaty governing the liability of air carriers engaging in international air travel. A threshold question central to both parties' motions for summary judgment is where did the damage occur. If, as BAX contends, the damage occurred within the United States, but outside the boundaries of an airport, the federal common law applies. *See Read-Rite Corp. v. Burlington Air Express, Ltd.*, 186 F.3d 1190, 1194 (9th Cir.

3

1999). If the damage occurred within the boundaries of an airport, the Warsaw Convention applies, but the parties dispute which version would be applicable. Depending on whether the Warsaw Convention applies, and if so, which version, Plaintiffs' damages may or may not be limited to twenty dollars per kilogram.

Where there is a dispute regarding where the damage occurred, Article 18(3) of the Convention creates a rebuttable presumption that the damage occurred during air transportation "subject to proof to the contrary." *See Read-Rite Corp.*, 186 F.3d at 1194. BAX bears the burden of proving presenting evidence to rebut the presumption and demonstrate where the damage actually occurred. *See Washington Int'l Ins. Co. v. Distribution Specialists Inc.*, 1996 WL 50232, *2 (S.D.N.Y. Feb. 8, 1996); *Royal Ins. Co. of Amer. v. Air Express Int'l*, 906 F. Supp. 218, 219-20 (S.D.N.Y. 1995). BAX submits two emails authored by its employees prepared near the time of the shipment and resulting damage, by persons who investigated the status of the cargo, as well as declarations by the same employees describing the emails. These are the same emails the Court concluded created a question of fact regarding where the damage occurred with respect to Plaintiffs' first motion for summary judgment. While this evidence is sufficient to create a question of fact regarding where the damage occurred, and thus sufficient to defeat Plaintiffs' current motion, the Court finds it insufficient to meet BAX's burden to prevail on its motion. In other words, this evidence would not entitle BAX to a directed verdict if the evidence went uncontroverted at trial. *See C.A.R. Transp. Brokerage*, 213 F.3d at 480. Accordingly, the Court denies both motions for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court DENIES the cross-motions for summary judgment.

**IT IS SO ORDERED.**

Dated: November 21, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4