1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8  NISSAN FIRE AND MARINE INSURANCE
   COMPANY LTD.; HITACHI DATA
9  SYSTEMS CORP.,                              No. C 02-2516 JSW

10

11              Plaintiffs,              **ORDER ON CROSS-MOTIONS
                                         REGARDING DAMAGES AND
           v.                            ATTORNEY'S FEES**

12

13 BAX GLOBAL INC.;CATHAY PACIFIC
   AIRWAYS, LTD.,

14              Defendants.
   _____/

15

16        Now before the Court are the cross-motions regarding damages and attorney's fees filed

17 by plaintiffs Hitachi Data Systems Corporation and Nissan Fire and Marine Insurance Co., Ltd.

18 ("Plaintiffs") and defendant Bax Global Inc. ("BAX").  The Court finds that this matter is

19 appropriate for disposition without oral argument and it is hereby deemed submitted.  *See* N.D.

20 Civ. L.R. 7-1(b).  Accordingly, the hearing set for May 15, 2009 is HEREBY VACATED.  As

21 the parties are familiar with the facts and procedural history of this case, there is no need to

22 recite them here, except where useful in reaching the disposition.

23        This matter is currently before the Court on remand from the Ninth Circuit.  On appeal,

24 the Ninth Circuit held that the Warsaw Convention as modified by the Hague Protocol governs

25 the issue of damages and that California choice of law rules determine the substantive law

26 governing the issue of attorney's fees.  The Ninth Circuit remanded this matter to the Court to

27 make the following two determinations: (1) whether, under the Hague Protocol, Hitachi is

28 entitled to recovery, if so, the amount of the recovery; and (2) whether, under the relevant

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   substantive law dictated by California choice of law, paragraph 16 of the waybill entitled either

2   party to attorney's fees.  The Court will address each issue in turn.

3   **A.    Damages.**

4          Under the Hague Protocol,  Plaintiffs' damages are limited to twenty dollars per

5   kilogram.  When the damaged portion of the shipment affects the value and usability of the

6   other parts of the shipment, the damages are calculated based on the weight of all affected items

7   in the shipment. *Motorola, Inc. v. Federal Express Corp.*, 308 F.3d 995, 1001 (9th Cir. 2002).

8   The parties dispute what items within the shipment were affected by the damage to the disk

9   controller unit.

10         Hitachi shipped 18 cartons of cargo on BAX air waybill No. CHG17066781 dated April

11  5, 2001 from Plainfield, Indiana to Hong Kong.  (Stipulated Facts ("Stip. Fact"), No. 1; Trial

12  Ex. 1.)  The weight of the damaged carton and contents was 481 kilograms.  (Stip. Fact, No.

13  12.)  The damaged package contained a disk controller unit.  (*Id*., No. 13.)  The weight of a

14  single Hitachi Data Systems 9960 is at most 1,062 kilograms when fully assembled.  (*Id*., No.

15  14.)  The weight of two Hitachi Data Systems 9960 Disk Subsystems is at most 2,124

16  kilograms.  (*Id*., No. 15.)  The entire shipment weighed 4,440 kilograms.  (Trial Ex. 1.)

17         Plaintiffs' witnesses testified that the 18 pieces of the shipment were built, configured,

18  and tested to perform a single operating function for the customer in Hong Kong – to serve as

19  the customer's principal storage and remote backup storage of computerized data.  These pieces

20  were designed to operate together and could not operate for their designed function without all

21  four disk controllers in proper operating condition.  (Stipulated Testimony of Robert Shaffer, ¶¶

22  1(a), 1(b); *see also* Stipulated Testimony of Kai Wah (Edwin) Chan, ¶¶ 2(a), 2(c).)  The damage

23  to the one disk controller prevented Hitachi from proceeding with the assembly of the parts in

24  the 18 cartons into the storage and backup storage units.  The damaged unit was returned, and

25  the pieces in the other 17 cartons remained at the BAX Global facility at Hong Kong

26  International Airport until a replacement for the damaged unit was received.  (Chan's Stipulated

27  Testimony, ¶ 3(c).)  BAX did not submit any evidence to contradict the evidence proffered by

28  Plaintiffs' witnesses, or otherwise contradict Plaintiffs' showing that the other 17 cartons

1    remained at BAX's facility and could not have been assembled until the replacement disc

2    controller was received.  Therefore, the Court finds that the damage to the disk controller

3    affected the value and usability of the other 17 cartons in the shipment.  Accordingly, the Court

4    will calculate the damages based on the weight of all affected items, which is 4,440 kilograms.

5    BAX shall pay Plaintiffs $88,800 in damages.

6    **B.     Attorney's Fees.**

7         The parties concur that, under California law, Plaintiffs are entitled to attorney's fees if

8    they are the "prevailing party."  At issue is whether Plaintiffs qualify as the prevailing party.

9    Under California law,

10        in deciding whether there is a "party prevailing on the contract," the trial court is
     to compare the relief awarded on the contract claim or claims with the parties'
11        demands on those same claims and their litigation objectives as disclosed by the
     pleadings, trial briefs, opening statements, and similar sources. The prevailing
12        party determination is to be made only upon final resolution of the contract claims
     and only by "a comparison of the extent to which each party ha[s] succeeded and
13        failed to succeed in its contentions."

14   *Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995) (citation omitted).  Moreover, in determining the

15   degree of litigation success, "courts should respect substance rather than form, and to this extent

16   should be guided by "equitable considerations."  *Id*. at 877.  To illustrate, the court provided the

17   following example: "a party who is denied direct relief on a claim may nonetheless be found to

18   be a prevailing party if it is clear that the party has otherwise achieved its main litigation

19   objective."  *Id*.

20        The Court finds in comparing the relative success of the parties on the contract claim,

21   that Plaintiffs are the prevailing party.  BAX seeks to limit the Court's determination of whether

22   Plaintiffs are the prevailing party to the issues litigated at the trial, as compared to the litigation

23   of the entire case.  The Court notes that BAX had persisted in contesting liability in a case

24   management statement submitted one year after Plaintiffs initiated this action and after

25   discovery had closed.  Moreover, at trial, BAX contested where the damage occurred and thus

26   challenged that the case was governed by the Warsaw Convention or the Hague Protocol.  BAX

27   eventually conceded liability and lost at trial on the issue of where the damage occurred.

28   Although BAX did succeed in limiting the amount of damages and prejudgment interest

United States District Court
For the Northern District of California

3

1  allowed under the parties' contract, the Court finds that the degree that Plaintiffs' recovery was

2  reduced does not, in balance, sufficiently undermine Plaintiffs' success on their litigation

3  objectives.  Therefore, the Court finds that Plaintiffs are the prevailing party and, thus, are

4  entitled to recover attorney's fees.

5  **C.      Set-off.**

6           In the Order setting forth the Court's findings of facts and conclusions of law after the

7  bench trial, the Court held that BAX was entitled to a set-off in the amount of the settlement

8  paid by co-defendant, Cathay Pacific, to Plaintiffs, which was $15,000.  Plaintiffs now argue

9  that the BAX is not entitled to the set-off because Plaintiffs are not being fully compensated

10 based on the Hague Protocol's weight limitations on damages.  However, Plaintiffs did not

11 appeal the set-off issue to the Ninth Circuit.  Therefore, the "rule of mandate" doctrine

12 precludes the Court from addressing this issue on remand.

13          "The rule of mandate is similar to, but broader than, the law of the case doctrine."

14 *United States v. Cote,* 51 F.3d 178, 181 (9th Cir.1995).  Upon receiving the mandate of an

15 appellate court, a district court "cannot vary it or examine it for any other purpose than

16 execution." *Id.* (*quoting In re Sanford Fork & Tool Co.,* 160 U.S. 247, 255 (1895)).  Pursuant

17 to the mandate rule, a district court cannot "revisit its already final determinations unless the

18 mandate allowed it." *Id.*  The rule of mandate doctrine is jurisdictional.  *United States v.*

19 *Thrasher*, 483 F. 3d 977, 982 (9th Cir. 2007).  The Ninth Circuit's mandate directed this Court

20 to determine Hitachi's damages under the Hague Protocol and to determine whether either party

21 was entitled to attorney's fees.  Therefore, the Court finds that it does not have jurisdiction

22 pursuant to the "mandate rule" to consider the set-off issue.

23                                       **CONCLUSION**

24          For the foregoing reasons, the Court rules as follows on the parties' cross-motions

25 regarding damages and attorney's fees:

26          (1)     Plaintiffs are awarded $88,800 in damages;

27 ///

28 ///

**United States District Court**
For the Northern District of California

4

1    (2)    Plaintiffs are entitled to their reasonable attorney's fees; and

2    (3)    the Court does not have jurisdiction to consider the set-off issue.

3    **IT IS SO ORDERED.**

4

5    Dated: May 12, 2009

6    _____
     JEFFREY S. WHITE
     UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

5